■ VIRGIL RENDA, Respondent, v CITY OF NEW ROCHELLE, Appellant. [723 NYS2d 413] —In an action, *inter alia,* for a judgment declaring that the defendant, the City of New Rochelle, took title to the subject premises in a tax foreclosure proceeding in violation of the Real Property Tax Law, and to compel the City of New Rochelle to convey title back to the plaintiff, the defendant appeals from an order of the Supreme Court, Westchester County (Barone, J.), entered July 12, 2000, which granted the plaintiff's motion for a preliminary injunction staying the sale of the plaintiff's property, and, without notice to the parties, in effect, converted the motion to one for summary judgment, and granted summary judgment to the plaintiff directing it to accept payment of $22,000, as redemption of the tax lien.

Ordered that the order is modified, on the law, by deleting the provision thereof which, in effect, granted the plaintiff summary judgment and directed the defendant to allow the plaintiff to redeem the tax lien; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff established his entitlement to a preliminary injunction (*see, Amana Express Intl. v Pier-Air Intl.,* 211 AD2d 606).

The defendant argues that the court, in effect, granted the plaintiff summary judgment, without giving the parties notice that it was treating the plaintiff's motion for a preliminary injunction as a motion for summary judgment. Converting a motion for a preliminary injunction into one for summary judgment without adequate notice to the parties is improper (*see, Ratner v Steinberg,* 259 AD2d 744; *Farrell v Kiernan,* 213 AD2d 373). Accordingly, the order is modified by deleting the provision thereof which granted the plaintiff summary judgment. Ritter, J. P., Santucci, Goldstein and Crane, JJ., concur.